**Michael G. Hanlon**, OSB No. 792550
**Law Offices of Michael G. Hanlon, P.C.**
101 SW Main St, Suite 825
Portland, OR 97204
Tel:  503-228-9787
Fax:  503-224-4200
mgh@hanlonlaw.com

**J. Robert Robertson**, *Pro Hac Vice*
**Hogan Lovells US LLP**
555 Thirteenth St, NW
Washington, DC 20004
Tel:  202-637-5774
Fax:  202-637-5910
robby.robertson@hoganlovells.com

*Attorneys for Defendant SABMiller plc*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **JAMES DEHOOG**, **BRIAN BOUTELLER, SHONNA BOUTELLER, CARLY BOWEN, TOM BUTTERBAUGH, ERICA I. CORONA, MARIA G. CORONA, CHRIS DENNETT, JOHN DESBIENS, MATTHEW JOHNSON, CYNTHIA A. KREITZBERG**, **EDWARD LAWRENCE, JERUSHA MALAER, ROBERT MALAER, MICHEAL MARTIN, MICHAEL MCATEE, DAVID MILLIGAN, JEFF REEDER, RALPH REEDER, WADE SCAGLIONE, BETH H. SILVERS, BRADLEY O. SILVERS**, and **PATRICIA WADE**, Plaintiffs,<br><br>v.<br><br>**ANHEUSER-BUSCH INBEV, SA/NV**, and **SABMILLER PLC**, Defendants. | Case No. 1:15-cv-02250-CL<br><br>**DEFENDANT SABMILLER PLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**<br>Pursuant to Fed. R. Civ. P. 12(b)(6)<br><br>**Request For Oral Argument** |

**Motion**

LR 7-1(a) Certification. Pursuant to Local Rule 7-1(a), the undersigned counsel certify that they have conferred with Plaintiffs' counsel by telephone in a good faith effort to resolve the dispute and have been unable to do so.

Defendant SABMiller plc, through its undersigned counsel, hereby moves to dismiss with prejudice Plaintiff's Complaint for Injunctive Relief in the above-captioned action. The grounds for this motion include Federal Rule of Civil Procedure 12(b)(6), in that Plaintiffs cannot use the Clayton Act, § 7, to sue the seller in a transaction, as explained in the accompanying Memorandum of Law in Support of Defendant SABMiller plc's Motion to Dismiss. Additional grounds for this motion are set forth in the separate motion to dismiss and memorandum of law filed by Defendant Anheuser-Busch InBev, SA/NV, which is incorporated herein by reference in its entirety.

**Memorandum of Law**

Plaintiffs' Complaint against Defendant SABMiller plc ("SAB") should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the simple reason that SAB is the seller in the transaction challenged by Plaintiffs under Section 7 of the Clayton Act, and Section 7, by its terms, does not apply to sellers. Plaintiffs' Complaint also fails for the numerous additional reasons set forth in the separate motion to dismiss and memorandum of law filed by Defendant Anheuser-Busch InBev, SA/NV ("ABI"), which we join and incorporate herein by reference in its entirety.

///

///

///

## BACKGROUND

Defendants ABI and SAB are international brewing companies with headquarters in Belgium and the United Kingdom, respectively. (*See* Compl. ¶¶ 9, 13.) In October 2015, ABI announced its intention to acquire a controlling stake in SAB. (*Id.* ¶ 16.) SAB has an ownership interest in MillerCoors LLC, a joint venture with Molson Coors Brewing Company ("Molson"), but does not directly market or sell beer in the United States. (*See id.* ¶¶ 14, 33.) ABI will not acquire SAB's affiliated U.S. businesses, and throughout the transaction, SAB acts only as a seller. Consummation of the transaction is conditioned on regulatory approval by antitrust authorities in the United States. (*See id.* ¶ 19.)

Plaintiffs are a group of individuals who purchase beer. (*Id.* ¶ 8.) After the announcement of the ABI-SAB transaction, Plaintiffs filed a Complaint asking this Court to enjoin consummation of the deal for an alleged violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. (*See id.* ¶¶ 99-101.)

## LEGAL STANDARD

The Court may dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A court will not be able to draw such an inference when the plaintiff offers only "'labels and conclusions'" or "naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 555,

570).  "Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citation omitted).

## ARGUMENT

### I. Plaintiffs Cannot State a Claim Against Any Defendant.

Defendant SAB here incorporates by reference the grounds for dismissal articulated in the motion to dismiss and memorandum of law filed by ABI.  For the reasons set forth in those materials, Plaintiffs cannot state a claim for relief against any defendant under Section 7 of the Clayton Act.  (*See* Mem. of Law in Supp. of Def.'s Mot. To Dismiss Pls.' Compl.)  SAB joins those arguments and urges the Court to dismiss the entirety of Plaintiffs' Complaint with prejudice.

### II. Plaintiffs Cannot State a Claim Against SAB Because SAB is Not an Acquirer.

The Court should dismiss Plaintiffs' claims against SAB for the separate reason that Plaintiffs allege that SAB is the proposed *seller* of assets to ABI, and Section 7 of the Clayton Act, the only grounds for liability pled in the Complaint, imposes liability only on *acquirers*, not *sellers*.  (Compl. ¶¶ 33; 99-101).  Section 7 commands that "[n]o person engaged in commerce . . . ***shall acquire*** . . . the stock or other share capital . . . of another person . . . where . . . the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly."  15 U.S.C. § 18 (Emphasis added).[1]  The language of the statute reflects Congress' clear intent to hold liable only the party who "acquire[s]," not those whose

---

[1] The plain meaning of this text is the primary, if not exclusive, guide to its application. *See United States v. Am. Bldg. Maint. Indus.*, 422 U.S. 271, 282-83 (1975) ("[N]either the legislative history nor the remedial purpose of [Section 7] of the Clayton Act, as amended and re-enacted in 1950, supports an expansion of the scope of [Section 7] beyond that defined by its express language.").

shares or assets are acquired. *See, e.g.*, *Dailey v. Quality Sch. Plan, Inc.*, 380 F.2d 484, 488 (5th Cir. 1967) ("[Section] 7 by its terms proscribes only the acquiring corporation."). Ninth Circuit law is clear that Section 7 of the Clayton Act does not impose liability on sellers. *United States v. Coca-Cola Bottling Co. of L.A.*, 575 F.2d 222, 227 (9th Cir. 1978) (citing, *inter alia*, *Dailey*, 380 F.2d at 488) ("By its express terms [Section] 7 proscribes only the act of acquiring, not selling, when the forbidden effects may occur."). Consequently, Section 7 plaintiffs can seek no relief against the seller in transactions. *See, e.g.*, *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838, 852 (N.D. Cal. 2004) ("As a result, a [S]ection 7 claim for monetary damages, as a matter of law, does not exist against the person or entity selling the assets but rather must be brought against the acquiring person or entity." (alteration in original) (internal quotation marks omitted)). The Ninth Circuit is not alone; numerous courts around the country have reached the precisely same result, and held that sellers cannot be liable under Section 7.[2]

Although a plain reading of Section 7 should resolve the issue of SAB's liability, a comparison of Section 7 to other parts of the Clayton Act shows that Congress clearly indicated when it intended to hold sellers liable. Section 3, for instance, makes it "unlawful for any person

---

[2] *See Goss Int'l Ams., Inc. v. Man Roland Inc.*, No 03-CV-513-SM, 2005 WL 2998531, at *3 (D.N.H. Nov. 8, 2005) (citing *Coca-Cola Bottling Co. of L.A.*, 575 F.2d at 227; *Dailey*, 380 F.2d at 488); *United States v. Dairy Famers of Am., Inc.*, No. Civ. A 03-206KSF, 2004 WL 2186215, at *8 (E.D. Ky. 2004) (citing *Dailey*, 380 F.2d at 488), *rev'd on other grounds*, 426 F.3d 850 (6th Cir. 2005); *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 201 F. Supp. 2d 236, 278 (S.D.N.Y 2002), *aff'd in part, rev'd in part on other grounds*, 386 F.3d 485 (2d Cir. 2004); *Berlyn, Inc. v. The Gazette Newspapers, Inc.*, 157 F. Supp. 2d 609, 623 (D. Md. 2001) (citing *Dailey*, 380 F.2d at 488); *Arbitron Co. v. Tropicana Prod. Sales, Inc.*, No. 91 Civ. 3697 (PKL), 1993 WL 138965, at *4 (S.D.N.Y. Apr. 28, 1993); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 513 F. Supp. 1100, 1329 n.399 (E.D. Pa. 1981) (citing *Dailey*, 380 F.2d at 488); *Tim W. Koerner & Assocs., Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 300 (S.D. Tex. 1980), *aff'd mem. sub nom. Koerner & Assoc. v. Aspen Labs*, 683 F.2d 416 (5th Cir. 1982); *Palmer News, Inc. v. ARA Servs., Inc.*, 476 F. Supp. 1176, 1193 (D. Kan. 1979) (citing *Coca-Cola Bottling Co.*, 575 F.2d at 227-28); *Record Club of Am., Inc. v. Capitol Records, Inc.*, No. 70-Civ-3315-HRT, 1971 WL 558, at *6 (S.D.N.Y. Sept. 8, 1971) (citing *Dailey*, 380 F.2d at 488).

engaged in commerce. . . to lease or make a sale or contract for sale of goods[.]"  15 U.S.C. § 14.  The Ninth Circuit interprets Section 3 as the inverse of Section 7: The former "defines liability in terms of a person who makes a sale or contracts for sale and *nowhere provides for liability of the buyer*[,]" while the latter "applie[s] only to an acquiring corporation *and not to the corporation being acquired*."  *McGuire v. Columbia Broad. Sys., Inc.*, 399 F.2d 902, 906 (9th Cir. 1968) (emphasis added) (citing *Dailey*, 380 F.2d at 488).

A strict reading of Section 7 also avoids the absurd result of potentially imposing liability on the target of a hostile acquisition for a combination the target tried to prevent.  *Cf. Consol. Gold Fields plc v. Minorco, S.A.*, 871 F.2d 252, 258 (2d Cir. 1989) (holding that target of hostile tender offer has antitrust standing under Section 7).  Section 7 simply does not apply to sellers, and therefore the Court should dismiss Plaintiffs' claims against SAB.

Further, SAB does not need to remain in the case in order for the Court to effect any equitable relief, should that prove necessary.[3]  The Ninth Circuit only has required joinder of a seller in order to effect relief where an acquisition has *already been consummated* and the plaintiff seeks an equitable remedy to *restore* the assets to the seller.  *See Coca-Cola Bottling Co. of L.A.*, 575 F.2d at 226, 229-30 (joining seller in challenge to consummated transaction ); *see also Cmty. Publishers, Inc. v. Donrey Corp.*, 892 F. Supp. 1146, 1175 (W.D. Ark. 1995) (same); *United States v. Phillips Petroleum Co.*, 367 F. Supp. 1226, 1228-30, 1262  (C.D. Cal. 1973) (same); *United States v. Pabst Brewing Co.*, 183 F. Supp. 220, 220-22 (E.D. Wis. 1960) (same).  This situation simply does not apply here because, as Plaintiffs admit, Defendants have not

---

[3]   Plaintiffs have failed to join the actual acquirer of SAB's U.S. business, Molson, and equitable relief is therefore wholly inappropriate under Section 7.  *See Arbitron Co.*, 1993 WL 138965, at *7 ("[S]ince the acquiring company is not a party, the equitable remedies fashioned in [other Section 7] cases are unavailable and any claim for equitable relief under [S]ection 7, like the claim for monetary damages, would clearly be futile.").

consummated their transaction and will not do so until regulators have approved the deal. (*See* Compl. ¶¶ 19, 101). No assets have been transferred from SAB to ABI that the Court would ever have to restore to SAB. Plaintiffs therefore cannot seek any rescission or divestiture that would require joinder of SAB in this case. As a result, Plaintiffs' claim against SAB should be dismissed.

## CONCLUSION

For the reasons stated above, SAB requests that the Court dismiss Plaintiffs' Complaint with prejudice.

DATED this 3rd day of February, 2016.

/s/ Michael G. Hanlon
Michael G. Hanlon OSB #792550
Law Offices of Michael G. Hanlon, P.C.
101 SW Main St, Suite 825
Portland, OR 97204
Tel: 503-228-9787
Fax: 503-224-4200
mgh@hanlonlaw.com

J. Robert Robertson *(Pro Hac Vice)*
Hogan Lovells US LLP
555 Thirteenth St, NW
Washington, DC 20004
Tel: 202-637-5774
Fax: 202-637-5910
robby.robertson@hoganlovells.com

*Attorneys for SABMiller plc*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,192 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.