**J. Matthew Donohue, OSB #065742**
MattDonohue@markowitzherbold.com
**Shannon Armstrong, OSB #060133**
ShannonArmstrong@markowitzherbold.com
MARKOWITZ HERBOLD PC
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax: (503) 323-9105

**Yonatan Even** (Admitted *pro hac vice*)
yeven@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 8th Avenue
New York, NY  10019
Tel:  (212) 474-1000
Fax: (212 474-3700

Attorneys for Defendant Anheuser-Busch Inbev, SA/NV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JAMES DEHOOG, BRIAN BOUTELLER, SHONNA BOUTELLER, CARLY BOWEN, TOM BUTTERBAUGH, ERICA I. CORONA, MARIA G. CORONA, CHRIS DENNETT, JOHN DESBIENS, MATTHEW JOHNSON, CYNTHIA A. KREITZBERG, EDWARD LAWRENCE, JERUSHA MALAER, ROBERT MALAER, MICHAEL MARTIN, MICHAEL MCATEE, DAVID MILLIGAN, JEFF REEDER, RALPH REEDER, WADE SCAGLIONE, BETH H. SILVERS, BRADLEY O. SILVERS, and PATRICE WADE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ANHEUSER-BUSCH INBEV, SA/NV and SABMILLER PLC,<br><br>                    Defendants. | CV No.: 1:15-cv-02250-CL<br><br>**DEFENDANTS' JOINT MOTION TO POSTPONE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT** |

**Page 1 -   DEFENDANTS' JOINT MOTION TO POSTPONE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT**

## L.R 7-1(a) CERTIFICATION

As required by L.R. 7-1(a), Defendants Anheuser-Busch InBev, SA/NV ("ABI") and SABMiller plc ("SAB") hereby certify that the parties made a good faith effort to resolve the issues contained in Defendants' Motion to Postpone Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Motion to Postpone"), and have been unable to do so.

Defendants respectfully submit this memorandum of law in support of their Motion to Postpone.

## MOTION

Pursuant to L.R. 16-3, Defendants move to request that the Court postpone the date to file their Oppositions to the Motion for Preliminary Injunction and stay all related discovery until no later than 14 days after the Court has made its determination on Defendants' Motions to Dismiss.

## FACTUAL BACKGROUND

On November 11, 2015, ABI and SAB announced that the Boards of ABI and SAB had reached an agreement on the terms of a recommended acquisition of SAB by ABI. (ECF No. 1 (Compl. ¶ 16).) Concurrent with that announcement, ABI announced an agreement with Molson Coors Brewing Company for a complete divestiture of SAB's interest in MillerCoors LLC. (ECF No. 1 (Compl. ¶ 33).) ABI and SAB announced their plan to close the deal during the second half of 2016, contingent on obtaining certain regulatory clearances. (ECF No. 44, Ex. 3.) The Department of Justice's review of the proposed transactions is ongoing.

On December 1, 2015, Plaintiffs filed their Complaint, naming ABI and SAB as defendants and alleging that the transactions would have certain anticompetitive effects. (ECF No. 1.) On February 3, 2016, ABI and SAB timely moved to dismiss the Complaint. (ECF No. 41.) Ninety days after filing their Complaint and one hundred and ten days after the proposed

deal was announced, on February 29, 2016, Plaintiffs filed a Motion for Preliminary Injunction, as well as their Opposition to the Motions to Dismiss.  (ECF Nos. 63, 64.)  Per L.R. 7-1, March 17, 2016, is the deadline for both Defendants' Replies in Support of their Motions to Dismiss and Defendants' Oppositions to Plaintiffs' Motion for Preliminary Injunction.

## ARGUMENT

The Court enjoys broad discretion to control its own docket and calendar.  *Forest Grove Sch. Dist. v. Student*, No. 3:12-CV-1837-AC, 2013 WL 4012744, at *2 (D. Or. Aug. 5, 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for  itself, for counsel, and for litigants.").)  Under L.R. 16-3, a party asking the Court to exercise its broad discretion and extend a court-imposed deadline must do so by Motion showing (1) good cause for why the deadline should be modified; (2) effective prior use of time; (3) a new date for the deadline in question; and (4) the impact of the proposed extension on other existing deadlines, settings or schedules.  As shown below, Defendants meet the requirements set forth in L.R. 16-3 warranting the extension of a court-imposed deadline.  Accordingly, Defendants respectfully request that the Court postpone the date for Defendants to respond to Plaintiffs' Motion for Preliminary Injunction (and any discovery sought in connection therewith) until the Defendants' Motions to Dismiss have been decided, for the following reasons.

*First*, there is good cause to postpone Defendants' Oppositions to the Motion for Preliminary Injunction.  Defendants used their time since the Complaint was filed to move promptly to dismiss the Complaint.  The resolution of the Motions to Dismiss, which will be fully-briefed in eight days (by March 17, 2016), may result in the dismissal of Plaintiffs'

Complaint, rendering the Motion for Preliminary Injunction moot. Meanwhile, Plaintiffs' Motion for Preliminary Injunction requests discovery to help them prepare for a preliminary injunction hearing that has not yet been set (ECF No. 63, at 2-3) and that Plaintiffs did not seek until 26 days *after* Defendants filed their Motions to Dismiss and nearly four months *after* the proposed transactions were announced. (ECF No. 64.) Under these circumstances, there simply is no need for the parties to engage in immediate, costly expedited discovery. Instead, Defendants respectfully submit that good cause exists for the Court to direct a more efficient course whereby discovery is stayed until the Court decides the Motions to Dismiss. *See Top Rank, Inc. v. Haymon*, No. CV 15-4961, 2015 WL 9952887, at *2 (C.D. Cal. Sept. 17, 2015) (granting a stay of discovery pending a decision on a motion to dismiss, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) for the proposition that "proceeding to antitrust discovery can be expensive", and noting that "[s]taying discovery in antitrust cases pending the resolution of a motion to dismiss may be particularly appropriate"). Then, if necessary, the Court may set a schedule for discovery and briefing at a Rule 16 conference, in accordance with the Court's Individual Rules of Practice.[1]

*Second*, the requested extension would have minimal impact, at most, on this proceeding. There is no pressing need for the parties urgently to brief Plaintiffs' Motion for Preliminary Injunction in advance of a decision on Defendants' Motions to Dismiss, and Plaintiffs stand to suffer no prejudice from the short stay sought by Defendants. ABI and SAB have publicly stated that they do not expect to close until "the second half of 2016". (ECF No. 44, Ex. 3.) As such, in the event that the case is not dismissed, and despite the nearly four-

---

[1] Case Management Information, Honorable Judge Clarke, *available at* https://www.ord.uscourts.gov/index.php/court-info/judges/judge-clarke ("Judge Clarke sets Rule 16 conferences in his cases after all defendants have answered").

**Page 4 -  DEFENDANTS' JOINT MOTION TO POSTPONE DEFENDANTS'
             OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY
             INJUNCTION AND MEMORANDUM IN SUPPORT**

months that have passed since the proposed transaction was first announced, Plaintiffs will have ample time to conduct discovery, which they have stated will require no more than one month to complete. (ECF No. 63, at 12.) Moreover, courts have expressed hesitancy to act on anything in a private merger challenge while the transaction is under review by antitrust agencies, because such suits can be premature "until all required state and federal approvals have been obtained—for the agencies might insist on changes that would substantially alter the merger's competitive effects." *S. Austin Coal. Cmty. Council v. SBC Commc'ns, Inc.*, 191 F.3d 842, 843, 844–45 (7th Cir. 1999); *see also AT & T Mobility LLC v. Smith*, No. 11–cv–5157, 2011 WL 5924460, *9–10 (E.D. Pa. Oct. 7, 2011); *cf. Nat'l Ass'n of Chain Drug Stores v. Express Scripts, Inc.*, No. CIV.A. 12-395, 2012 WL 3655459, at *7 (W.D. Pa. Aug. 27, 2012) (filing after agency review is appropriate). In any event, given the briefing schedule on Defendants' Motions to Dismiss, the requested delay will be minimal, will not significantly impact the progress or scheduling of this case and will allow ample time for Plaintiffs' requested discovery, should Plaintiffs' Complaint survive the Motions to Dismiss.

Finally, even if the time until closing was pressing, Plaintiffs' request to expedite should not be countenanced when Plaintiffs chose to delay filing their Motion for Preliminary Injunction for almost four months. If the need to take discovery and brief a preliminary injunction motion was in fact urgent (which, Defendants submit, it is not), Plaintiffs could have filed their motion and moved for expedited discovery months ago. Nothing has changed in the interim to make Plaintiffs' motion more pressing now than it was on the day the proposed transactions were announced, other than through Plaintiffs' own delay.

Similar considerations have routinely led courts around the country to stay the proceedings in antitrust cases, including a stay of discovery, while motions to dismiss were

pending. *See Top Rank Inc.*, 2015 WL 9952887, at \*2; *Actelion Pharms. Ltd v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at \*4 (D.N.J. Sept. 6, 2013) (granting a stay of discovery pending resolution of a motion to dismiss in an antitrust case); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at \*3 (N.D. Ind. Sept. 15, 2011) (granting a stay of discovery pending a decision on a motion to dismiss and stating that "[c]ritically, this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery"); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at \*3 (N.D. Ill. Oct. 28, 2008) (granting a stay of discovery in an antitrust case pending a decision on a motion to dismiss); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, No. H-08-CV-0857, 2008 WL 8465061, at \*1 (S.D. Tex. Aug. 11, 2008) (granting a stay of discovery in an antitrust case pending a decision on a motion to dismiss). The same result is warranted here.

## CONCLUSION

Defendants respectfully request that the Court postpone the date to file the Oppositions to the Motion for Preliminary Injunction, and all related discovery, until no later than 14 days after the Court has made its determination on Defendants' Motions to Dismiss.

DATED this 9th day of March, 2016.

          MARKOWITZ HERBOLD PC

By: */s/ Shannon Armstrong*
   **J. Matthew Donohue, OSB #065742**
   MattDonohue@markowitzherbold.com
   **Shannon Armstrong, OSB #060133**
   ShannonArmstrong@markowitzherbold.com
   (503) 295-3085

   CRAVATH, SWAINE & MOORE LLP
   **Yonatan Even** (Admitted *pro hac vice*)
   yeven@cravath.com
   (212) 474-1000

Page 6 -  DEFENDANTS' JOINT MOTION TO POSTPONE DEFENDANTS'
    OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY
    INJUNCTION AND MEMORANDUM IN SUPPORT

*Attorneys for Defendant Anheuser-Busch Inbev, SA/NV*

Michael G. Hanlon
**Michael G. Hanlon OSB No. 792550**
Law Offices of Michael G. Hanlon, P.C.
101 SW Main St, Suite 825
Portland, OR 97204
Tel: 503-228-9787
Fax: 503-224-4200
mgh@hanlonlaw.com

**J. Robert Robertson** (***Pro Hac Vice***)
Hogan Lovells US LLP
555 Thirteenth St, NW
Washington, DC 20004
Tel: 202-637-5774
Fax: 202-637-5910
robby.robertson@hoganlovells.com

*Attorneys for SABMiller plc*

502649

**Page 7 -** **DEFENDANTS' JOINT MOTION TO POSTPONE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT**