**J. Matthew Donohue, OSB #065742**
MattDonohue@markowitzherbold.com
**Shannon Armstrong, OSB #060113**
ShannonArmstrong@markowitzherbold.com
MARKOWITZ HERBOLD PC
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105

**Yonatan Even** (*pro hac vice*)
yeven@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 8th Avenue
New York, NY  10019
Tel:  (212) 474-1000
Fax:  (212 474-3700

Attorneys for Defendant Anheuser-Busch InBev, SA/NV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JAMES DEHOOG, BRIAN BOUTELLER, SHONNA BOUTELLER, CARLY BOWEN, TOM BUTTERBAUGH, ERICA I. CORONA, MARIA G. CORONA, CHRIS DENNETT, JOHN DESBIENS, MATTHEW JOHNSON, CYNTHIA A. KREITZBERG, EDWARD LAWRENCE, JERUSHA MALAER, ROBERT MALAER, MICHAEL MARTIN, MICHAEL MCATEE, DAVID MILLIGAN, JEFF REEDER, RALPH REEDER, WADE SCAGLIONE, BETH H. SILVERS, BRADLEY O. SILVERS, and PATRICE WADE,<br><br>Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH INBEV, SA/NV and SABMILLER PLC,<br><br>Defendants. | CV No.: 1:15-cv-02250-CL<br><br>**DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(6)**<br><br>**Request for Oral Argument** |

**DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ....................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................. 1

**ARGUMENT** ............................................................................................................................... 3

I.     **THERE IS NO BASIS FOR CONVERTING THE MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT** ......................................... 3

II.    **THE PROPOSED TRANSACTIONS ARE NOT PRESUMPTIVELY ILLEGAL** ............................................................................................................... 6

III.   **ABI CITES THE CORRECT LEGAL STANDARD, WHICH PLAINTIFFS DO NOT SATISFY** ................................................................................................. 8

IV.   **PLAINTIFFS' MONOPSONY ALLEGATIONS DO NOT ALLEGE AN ANTITRUST INJURY AND CANNOT SUPPORT A SECTION 7 CLAIM** .................................................................................................................. 11

V.    **PLAINTIFFS DO NOT ALLEGE IRREPARABLE HARM** ...................................... 12

**CONCLUSION** ......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................8, 9, 11

*Bogart v. Daley*, No. CV 00-101-BR, 2001 WL 34045761 (D. Or. June 28, 2001) .......................4

*Brown Shoe Co. v. United States*, 370 U.S. 294 (1962) ................................................................7

*Cargill v. Monfort of Colorado*, 479 U.S. 104 (1986) .................................................................12

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ............................................................................5

*Fecht v. Price Co.*, 70 F.3d 1078 (9th Cir. 1995) ...........................................................................5

*FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156 (9th Cir. 1984) .....................................................8

*Hosp. Corp. of America v. FTC*, 807 F.2d 1381 (7th Cir. 1986) ....................................................7

*In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046 (9th Cir. 2014) .....................................................4

*L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197 (9th Cir. 1980) ........................................13

*Lucas Auto. Eng'g v. Bridgestone/Firestone*, 140 F.3d 1228 (9th Cir. 1998) ..............................12

*Pacificorp. v. Nw. Pipeline GP*, No. CV 10-99-PK, 2010 WL 3199950 (D. Or. June 23, 2010) ...5

*Shaw v. Hahn*, 56 F.3d 1128 (9th Cir. 1995) ..................................................................................3

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .................................................4

*Swartz v. Turner*, No. 1:14-CV-00597-CL, 2014 WL 6490508 (D. Or. Sept. 10, 2014) ...............4

*United States v. Alcoa*, 377 U.S. 271 (1964) .................................................................................7

*United States v. Baker Hughes Inc.*, 908 F.2d 981 (D.C. Cir. 1990) ..............................................7

*United States v. Falstaff Brewing Corp.*, 410 U.S. 526 (1973) ......................................................7

*United States v. Pabst Brewing Co.*, 384 U.S. 546 (1966) .............................................................7

*United States v. Philadelphia Nat. Bank*, 374 U.S. 321 (1963) .....................................................7

*United States v. Phillips Petroleum Co.*, 367 F. Supp. 1226 (C.D. Cal. 1973) ..............................9

*United States v. Von's Grocery Co.*, 384 U.S. 270 (1966) ............................................................. 7

*Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-CV-1142-HZ, 2015 WL 5178073 (D. Or. Sept. 3, 2015) ........................................................................................................................... 5

**Statutes & Rules**

15 U.S.C. § 18 .......................................................................................................................... 6

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Plaintiffs' Opposition") largely ignores the arguments in Anheuser-Busch InBev SA/NV's ("ABI") motion, instead rehashing the faulty and deficient allegations in the Complaint and improperly introducing new allegations that fare no better. Nothing in Plaintiffs' Opposition saves them from the undisputed fact that there will be no acquisition by ABI of SABMiller plc's ("SAB") United States business, and therefore no increase in concentration in the alleged U.S. beer market. Nor does anything in Plaintiffs' Opposition bolster their speculative allegation that MillerCoors LLC ("MillerCoors") will alter its behavior post-transaction or their half-formed monopsony allegations.

Unable to state a claim, Plaintiffs ask the Court to convert ABI's Motion to Dismiss to a motion for summary judgment and allow them expedited discovery. (Pls. Opp'n at 9-12.) Plaintiffs' argument fails because the "extrinsic evidence" they refer to consists of three exhibits of which the Court may take judicial notice under controlling case law. In any event, none of these documents is necessary to decide the Motion to Dismiss. (*See infra* Section I.)

Plaintiffs also argue that the proposed acquisition is "presumptively illegal" because "[u]nder the proposed acquisition, just two companies would control over 70% of the market", a level of concentration Plaintiffs claim "mandates injunctive relief" under Supreme Court precedent. (Pls. Opp'n at 12-13.) But Plaintiffs allege that the same two companies—ABI and MillerCoors—*already* account for the same percentage of the alleged U.S. beer market, and the proposed transaction will do nothing to change the current level of concentration. Accordingly, the Supreme Court cases Plaintiffs cite—even if they accurately reflected current antitrust law, which they do not—are inapposite, as they concern situations where the proposed

**Page 1 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY
                  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

acquisition is the cause of heightened concentrations.  That is not the case here.  (*See infra* Section II.)

Next, Plaintiffs seemingly concede the speculative nature of their allegations, but argue that speculative allegations are sufficient to show that the proposed transaction "may" substantially lessen competition.  (Pls. Opp'n at 16.)  That, however, is clearly not the law.  Section 7's incipiency standard does not relieve Plaintiffs of the need to allege facts showing plausibly a "reasonable probability" that the proposed acquisition may substantially lessen competition; mere speculation will not do.  Plaintiffs do not come close to satisfying the "reasonable probability" standard.  Conclusory allegations that MillerCoors will change its conduct post transaction, without any coherent theory as to why it would do so, or how such a change might impact a well-defined market, are insufficient to state a claim.  (*See infra* Section III.)

Plaintiffs likewise fail in their argument that ABI is improperly suggesting that Plaintiffs must plead a monopsony claim *in addition to* a Section 7 claim.  (Pls. Opp'n at 17.)  ABI has done nothing of the sort.  Specifically, ABI did not suggest that Plaintiffs have to plead anything in addition to a Section 7 claim.  ABI merely pointed out that, to the extent Plaintiffs claim that the proposed transaction violates Section 7 because it will give a combined ABI-SAB monopsony power, they must adequately allege the purported market in which ABI-SAB will have such purported monopsony power, how such purported monopsony power is caused by the proposed transactions, and how Plaintiffs, as consumers of beer, will be injured by the exercise of such purported monopsony power.  Plaintiffs do none of these, and thus their Complaint fails to state a claim.  (*See infra* Section IV.)

Page 2 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY
              MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Finally, Plaintiffs do not respond to ABI's argument that Plaintiffs are not entitled to injunctive relief because they do not plead irreparable harm. Instead, Plaintiffs refer the Court to their Motion for Preliminary Injunction. As an initial matter, that Motion cannot be used to buttress a deficient Complaint (and, ABI submits, should not be considered until after the Court decides the Motion to Dismiss). But in any event, Plaintiffs' Motion for Preliminary Injunction, like Plaintiffs' Complaint, primarily claims harm in the form of increased beer prices, and Plaintiffs fail to explain why that alleged harm cannot be adequately compensated with monetary damages. To the extent Plaintiffs claim there will be other purported harm, they do not explain what that harm is or how that harm is irreparable. Thus, Plaintiffs' Complaint fails to state a claim also for that reason. (*See infra* Section V.)

## ARGUMENT

**I. THERE IS NO BASIS FOR CONVERTING THE MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

Plaintiffs argue that the Motion to Dismiss should be converted to a motion for summary judgment because ABI cites three exhibits that purportedly were not relied upon or incorporated by reference in the Complaint.[1] (Pls. Opp'n at 10-11.) But ABI has explained in detail, in its Request for Judicial Notice, why the Court may consider these documents when considering ABI's Motion to Dismiss, and Plaintiffs have failed to respond to that Request. As shown there, the three documents referenced by ABI are squarely the type of documents courts may take judicial notice of when considering a motion to dismiss: documents that are incorporated by reference into the Complaint, either explicitly or implicitly; and documents

---

[1] ABI's Request for Judicial Notice (ECF No. 42) includes three exhibits comprising four documents, as the third exhibit includes two press releases concurrently released by ABI on November 11, 2015. Defendants appear to concede that one of the press releases is referenced in the Complaint. (Pls. Opp'n at 10-11.)

**Page 3 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

whose authenticity is not reasonably subject to dispute, such as public records. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (finding a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment) (citation omitted); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (finding that "documents whose contents are alleged in a complaint and whose authenticity no party questions . . . may be considered in ruling on a Rule 12(b)(b)(6) motion to dismiss") (citation omitted); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (finding that "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents") (citation omitted). The documents cited by Plaintiffs as alleged "matters outside the pleadings" satisfy this standard:

- The Complaint in *Edstrom v. Anheuser-Busch InBev SA/NV*, 3:13-cv-1309 (MMC) (ECF No. 1), a prior lawsuit filed by Plaintiffs' lead counsel on behalf of one of the Plaintiffs in this case (as well as others), bears striking similarities to the allegations in the present litigation and was dismissed for failure to state a claim. The *Edstrom* complaint is cited only for the fact of its allegations, not their truth, and the existence of those allegations cannot credibly be questioned by Plaintiffs. Moreover, the existence and content of court filings are proper subjects for judicial notice. *See, e.g., Bogart v. Daley*, No. CV 00-101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (Brown, J.); *Swartz v. Turner*, No. 1:14-CV-00597-CL, 2014 WL 6490508, at *2 (D. Or. Sept. 10, 2014) (Clarke, M.J.).

- The press release from the Department of Justice's Antitrust Division ("DOJ") announcing the decision to close its investigation of the proposed MillerCoors

Page 4 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY
            MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

joint venture between SAB and Molson Coors Brewing Company ("Molson") may be noticed as a matter of public record published by a government entity. *See Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-CV-1142-HZ, 2015 WL 5178073, at *5-6 (D. Or. Sept. 3, 2015) (Hernandez, J.) ("Courts may take judicial notice of SEC filings, press releases, or contents of a website, when they are 'matters of public record'") (citation omitted).

- ABI's press release of November 11, 2015, announcing the sale of SAB's interest in MillerCoors to Molson, is cited only for that fact, which Plaintiffs concede: "Plaintiffs' allegation recognizes that under the proposed acquisition, Molson Coors will acquire 100 percent of the MillerCoors joint venture". (Pls. Opp'n at 11.) And even if Plaintiffs did not admit the fact of the divestiture, the Court could take judicial notice of this press release because it is part and parcel of the press release announcing ABI's acquisition of SAB, which is incorporated by reference in the Complaint.[2]

In any event, it is not necessary for the Court to rely on the cited documents to decide the Motion to Dismiss. *See Pacificorp. v. Nw. Pipeline GP*, No. CV 10-99-PK, 2010 WL 3199950, at *7 (D. Or. June 23, 2010) (Papak, J.) (finding that even where the court determined

---

[2] The two press releases were released together as companion press releases. Plaintiffs quote extensively from one of the two press releases. (*See, e.g.*, Compl. ¶¶ 16, 17, 18, 19.) That same press release states that ABI "has today agreed to the sale . . . of SABMiller's interest in MillerCoors LLC . . . and the Miller Global Brand Business to Molson Coors Brewing Company" and notes that the companion press release provides "[f]urther details regarding this transaction". (Even Decl., ECF No. 44, Ex. 3, at 10-12.) The law is clear that a court may consider the entirety of a document if a portion of it is quoted in the complaint. *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) ("[A] court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part."); *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (rejecting argument that motion to dismiss should be converted to a motion for summary judgment, and finding that the district court properly considered the full text of documents even though plaintiffs had only quoted portions of those documents in the complaint).

**Page 5 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY
            MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

that the evidence was not judicially noticeable, it was within the court's discretion to disregard the extrinsic evidence without converting to a motion for summary judgment). The only fact raised by the exhibits that is necessary to deciding the Motion to Dismiss is the sale of SAB's interest in MillerCoors to Molson. But as noted above, that fact is not in dispute, as Plaintiffs' "allegation recognizes that under the proposed acquisition, Molson Coors will acquire 100 percent of the MillerCoors joint venture". (Pls. Opp'n at 11.)

## II.     THE PROPOSED TRANSACTIONS ARE NOT PRESUMPTIVELY ILLEGAL

Plaintiffs' primary argument on the substance of ABI's Motion to Dismiss is that the combination of ABI and SAB is presumptively illegal because "[u]nder the proposed acquisition, just two companies would control over 70% of the market". (Pls. Opp'n at 12.) Given this level of market concentration, Plaintiffs argue, Supreme Court precedent from the 1960s "mandates injunctive relief in this case" without the need for any analysis. (*Id.* at 13.) But Plaintiffs fail to allege any facts tying their allegation of high market concentration to the transaction at issue, which does not involve any combination in the United States and thus will have no impact on concentration in the alleged market.

Section 7 of the Clayton Act prohibits only those acquisitions where "*the effect of such acquisition* may be substantially to lessen competition or to tend to create a monopoly". 15 U.S.C. § 18 (emphasis added). But Plaintiffs do not allege that ABI and MillerCoors' alleged "control over 70% of the market" is an "effect of the acquisition". Instead, Plaintiffs allege that ABI and MillerCoors *already* account for more than 70% of sales in the alleged U.S. beer market. Specifically, Plaintiffs allege that ABI *already* is "the largest seller of beer in the United States, accounting for more than 46 percent of the market" (Compl. ¶ 12), and that MillerCoors *already* "is the second-largest beer company in the United States, with 25 percent of U.S. beer

**Page 6 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY**
**              MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

sales". (*Id.* ¶ 14.) Plaintiffs do not explain how that status quo might change as a result of the proposed transactions, and for good reason; it will not change.

        The line of Supreme Court cases Plaintiffs cite are inapplicable for the same reason. Those cases, even if they were good law,[3] address acquisitions in which the purchaser acquired an entity that competed, actually or potentially, in the relevant market, leading to an increase in market concentration.[4] The proposed transaction here has no such effect. The transaction will not alter market shares or market concentration in the alleged U.S. beer market because ABI will not acquire SAB's U.S. business, a fact that Plaintiffs concede. (Pls. Opp'n at 11.)[5]

---

[3] *United States v. Von's Grocery Co.*, 384 U.S. 270 (1966) and its progeny are widely considered to have been abrogated, and Plaintiffs cite no case from the last four decades citing *Von's* favorably. Instead, Plaintiffs misquote *Hospital Corp. of America v. FTC*, 807 F.2d 1381 (7th Cir. 1986); in fact, in that case, Judge Posner voiced skepticism about the continued vitality of these cases, noting that "important developments [] cast doubt on the continued vitality of such cases as *Brown Shoe* and *Von's* . . . the Supreme Court, echoed by the lower courts, has said repeatedly that the economic concept of competition, rather than any desire to preserve rivals as such, is the lodestar that shall guide the contemporary application of the antitrust laws". *Hosp. Corp.*, 807 F.2d at 1386. *See also United States v. Baker Hughes Inc.*, 908 F.2d 981, 990 (D.C. Cir. 1990) (noting that "[a]lthough the Supreme Court has not overruled these section 7 precedents [that Plaintiffs rely on], it has cut them back sharply.").

[4] *Von's Grocery Co.*, 384 U.S. 270 (two of the largest grocery chains in a geographic area merged and created the second-largest chain in the area); *United States v. Pabst Brewing Co.*, 384 U.S. 546 (1966) (tenth-largest brewer in the United States acquired the eighteenth-largest brewer); *United States v. Alcoa*, 377 U.S. 271 (1964) (acquisition of wire and cable company by aluminum company involved same market where both bare and insulated aluminum conductors were used for purpose of conducting electricity); *United States v. Philadelphia Nat. Bank*, 374 U.S. 321 (1963) (merger of the first- and third-largest Philadelphia banks resulting in the two largest banks controlling 59% of commercial banking business); *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962) (merger of the third-largest seller of shoes with the eighth-largest seller).

[5] Plaintiffs' reliance on *United States v. Falstaff Brewing Corp.*, 410 U.S. 526 (1973), for the proposition that an acquisition should be enjoined even where there will be no change to existing market shares is misplaced. *Falstaff* concerned whether the proposed acquisition could be enjoined if the competitive influence of Falstaff as a *potential* entrant would be eliminated if it was acquired by a firm within the market. *See id.* at 533-37. ABI is not acquiring a *potential* competitor in the alleged U.S. beer market—SAB is an *actual* competitor, through MillerCoors. And MillerCoors will remain a competitor post transaction. *Falstaff* is therefore inapposite.

Finally, Plaintiffs' new allegation that "reports indicate that in September 2016, MillerCoors will close a North Carolina brewery responsible for just over 10% of MillerCoors brewing capacity, which, in turn, will purportedly increase ABI's market share and decrease MillerCoors" fails to move the needle.  (Pls. Opp'n at 11.)  Plaintiffs do not allege any facts supporting their bald assertion that the closing of a plant would result in reduced market share for MillerCoors; they do not explain *why* MillerCoors would want to cede market share; they do not explain why, if MillerCoors were to cede market share, that share would be captured by ABI (as opposed, for example, to craft brewers, whose "sales rose by 17.6 percent to capture 11 percent of the U.S. market" in 2014 (Compl. at ¶ 41)); and they do not explain how the alleged closing of a brewery—announced *prior* to the announcement of the transactions, and related to an entity that ABI will not acquire—is tied to the proposed transaction, rather than being the natural result of the "sluggish U.S. beer market" that Plaintiffs allege, for example (*id.*).  New conclusory speculation cannot resuscitate the conclusory speculation making up the Complaint.

### III. ABI CITES THE CORRECT LEGAL STANDARD, WHICH PLAINTIFFS DO NOT SATISFY

As pointed out in ABI's opening brief, Plaintiffs failed to allege *any* facts explaining why MillerCoors would change its distribution practices once Molson increases its ownership stake to 100%.  (ABI Mot. 9-10.)  Plaintiffs, in their Opposition, argue that ABI seeks to apply too high a standard.  In essence, Plaintiffs argue that by stating conclusorily that an effect "may" happen they satisfy their pleading requirement, regardless of the probability that the effect *would* happen.  That argument fails as a matter of law, as Plaintiffs fail to meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

As ABI explained in its opening brief, to meet the standard under Section 7 of the Clayton Act, a plaintiff must show that "at the time of suit, there is a *reasonable probability* that

**Page 8 -   DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY
                    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

the acquisition may lead to a restraint or a monopoly". (ABI Mot. at 9 (citing *United States v. Phillips Petroleum Co.*, 367 F. Supp. 1226, 1261 (C.D. Cal. 1973)) (emphasis in brief)); *see also FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1160 (9th Cir. 1984); ("It is well established that a section 7 violation is proven upon a showing of reasonable probability of anticompetitive effect."). At the pleading stage, allegations of such "reasonable probability" must rise "above the speculative level", as *Twombly* requires, by pleading facts sufficient to make a reasonable probability of harm to competition "plausible on its face". *Twombly*, 550 U.S. at 555, 570. But Plaintiffs have alleged *no* facts making out a plausible claim that MillerCoors would change its conduct, let alone sufficient facts to support a reasonable probability of anticompetitive effect. As set forth in ABI's opening brief, Plaintiffs' theory that MillerCoors will change its distribution practices relies on three degrees of speculation about MillerCoors' past, current and future conduct. (ABI Mot. at 9-10.) In addition, Plaintiffs' theory assumes that MillerCoors' distribution practices are driven by its relative market share, but that market share will not change as a result of the transactions. (ABI Mot. at 9-10.)

       Plaintiffs do not address these arguments at all. Instead, they argue that ABI reads their allegations too narrowly, contending that the Complaint, properly read, alleges also that ABI's own distribution practices will be impacted by the proposed transactions, and that impact "must be subject to heightened scrutiny" because ABI's current distribution practices are, Plaintiffs allege, the subject of a DOJ investigation. (Pls. Opp'n at 16.) The only allegation in the Complaint that arguably suggests a change to ABI's distribution practices is a quotation from an American Antitrust Institute ("AAI") letter stating that "[w]ith an even larger market share, ABI would have more power over distributors". (Compl. ¶ 37.) But Plaintiffs acknowledge this letter was submitted in November 2014 (*id.* ¶ 35), and therefore does not consider the transaction

**Page 9 -**  **DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY**
               **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

at hand—one that demonstrably will *not* lead to ABI having "an even larger share" of the alleged U.S. beer market. And as for Plaintiffs' new allegation of a purported DOJ investigation into ABI's distribution practices, any such investigation would concern ABI's current independent conduct and is irrelevant to the proposed transaction.

Finally, Plaintiffs allege—for the first time—that the likelihood that MillerCoors will change its distribution practices post-transaction is demonstrated by a 2015 study that purportedly "proves" tacit collusion between ABI and MillerCoors following the consummation of the MillerCoors joint venture in 2008. (Pls. Opp'n at 16.) Putting aside Plaintiffs' improper attempt to shore up their allegations outside the Complaint, the study does nothing to support their Section 7 claim. Regardless of its merit,[6] the study addresses the effects of a very different transaction, and analyzes very different effects from those alleged by Plaintiffs. The study focuses on the combination of two competitors in the United States, Molson and SAB, which clearly resulted in increased concentration in the alleged market. Indeed, the stated purpose of the study was to determine the effects of "increases in concentration". (Messina Decl. Ex. I, ECF No. 65-9, Ex. I, at 2.) Moreover, the study analyzes the impact of that increase in concentration on retail pricing and sales, *not* on distribution practices. Thus, Plaintiffs' reliance on the study suffers from the same defect as all of their other arguments—the study cannot support their claim because it concerns the effect of increased market concentration, where no such increase is contemplated here.

/ / /

/ / /

---

[6] Plaintiffs' statement that the cited study "proves" tacit collusion between ABI and MillerCoors is wholly unsupported. The study's authors make no such claim.

**Page 10 -  DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY**
             **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

### IV. PLAINTIFFS' MONOPSONY ALLEGATIONS DO NOT ALLEGE AN ANTITRUST INJURY AND CANNOT SUPPORT A SECTION 7 CLAIM

As discussed in ABI's opening brief, in a last ditch effort to make out a Section 7 claim, Plaintiffs claim that the proposed transaction should be enjoined on the alternative theory that a combined ABI-SAB will have "monopsony power over the commodities used in brewing beer". (Compl. ¶ 53.) Plaintiffs in opposition do not even attempt to address ABI's arguments: (1) Plaintiffs do not identify the scope of any relevant market in which ABI purportedly would have monopsony power, nor explain how the proposed transactions would change market shares and market concentrations to give a combined ABI-SAB monopsony power; (2) Plaintiffs add nothing on their "waterbed" theory of harm, which—as ABI noted—is not supported by case law and makes no economic sense; and (3) Plaintiffs do not allege any cognizable antitrust injury that Plaintiffs, as beer consumers, might suffer as a result of the alleged monopsony power. (ABI Mot. at 10-14.)

Instead, Plaintiffs argue that ABI misstates the law by suggesting Plaintiffs must plead a monopsony claim *in addition to* a Section 7 claim. (Pls. Opp'n at 17-18.) But ABI does nothing of the sort. ABI has merely pointed out that to the extent Plaintiffs claim the proposed transaction violates Section 7 because a combined ABI-SAB will have monopsony power over brewing commodities, their allegations in support of that theory must contain "sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face'". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiffs' monopsony allegations do not satisfy this standard. Plaintiffs' allegations that a combined ABI-SAB will have monopsony power (Compl. ¶ 53) and that monopsony power is an anti-competitive effect of the transactions (Pls. Opp'n at 18) are legal conclusions. *Iqbal*, 556 U.S. at 678 (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")

**Page 11 - DEFENDANT ANHEUSER-BUSCH INBEV SA/NV'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

(citation omitted). In order to adequately allege monopsony power, Plaintiffs must first plead *facts* identifying the purported market(s) in which a combined ABI-SAB would have that power. Plaintiffs also must plead facts demonstrating how the proposed transactions would give a combined ABI-SAB monopsony power in the relevant market. But Plaintiffs do not plead any facts with respect to the scope of the relevant commodity markets or who competes in them, much less how concentrated the markets are or what shares of those markets either ABI or SAB have now or will have post-transaction. As such, they do not meet the pleading standard laid out in *Twombly* and *Iqbal*.

In this context, Plaintiffs also try to sidestep Defendants' antitrust injury argument by ignoring their status as beer consumers, *not* beer brewers. Plaintiffs make no attempt to plead an injury *to Plaintiffs as consumers of beer*, either in their Complaint or in their opposition brief, which could be the result of the exercise of monopsony power in any commodity market. Plaintiffs' monopsony allegations therefore cannot support a Section 7 claim. *See Lucas Auto. Eng'g v. Bridgestone/Firestone*, 140 F.3d 1228, 1233-34 (9th Cir. 1998) (citing *Cargill v. Monfort of Colorado*, 479 U.S. 104, 107 (1986)).

## V.     PLAINTIFFS DO NOT ALLEGE IRREPARABLE HARM

Finally, as set forth in ABI's opening brief, Plaintiffs fail to state a claim for injunctive relief because they have failed to allege irreparable injury. (ABI Mot. at 20-21.) Instead of a response, Plaintiffs refer the Court to their Motion for Preliminary Injunction and accompanying papers. As ABI has stated in its Motion to Postpone (ECF No. 83), ABI does not believe the Court should address Plaintiffs' Motion for Preliminary Injunction until after it decides this Motion to Dismiss. In any event, Plaintiffs' Motion for Preliminary Injunction does nothing to correct their failure to plead irreparable harm. As before, Plaintiffs argue that

Defendants will "raise beer prices and extract illegal profits" (Pls. PI Mot. at 29), but fail to argue why such monetary injuries are irreparable. *See L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 2002 (9th Cir. 1980) ("[M]onetary injury is not normally considered irreparable."). Plaintiffs also claim that Defendants will "reduce access to markets by smaller brewers generally, and reduce the number of craft brewers in particular" (Pls. PI Mot. at 29), but do not explain how such alleged reduction in the number of craft brewers, currently allegedly 4,000 strong, would harm them in any way—let alone a way that gives rise to irreparable harm. For this reason also, the Complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint in its entirety with prejudice.

DATED this 17th day of March, 2016.

          MARKOWITZ HERBOLD PC

By:  */s/ Shannon Armstrong*
    **J. Matthew Donohue, OSB #065742**
    MattDonohue@markowitzherbold.com
    **Shannon Armstrong, OSB #060113**
    ShannonArmstrong@markowitzherbold.com
    (503) 295-3085

    CRAVATH, SWAINE & MOORE LLP
    **Yonatan Even** (*pro hac vice*)
    yeven@cravath.com
    (212) 474-1000

    Attorneys for Defendant Anheuser-Busch InBev, SA/NV