IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES DEHOOG, ET AL.,

      Plaintiffs,

1:15-cv-02250-CL

v.

**ORDER**

ANHEUSER-BUSCH INBEV, SA/NV;
SABMILLER, PLC,

      Defendants.

---

**AIKEN, District Judge:**

    On July 22, 2016, Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (#102), and the matter is now before this Court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiffs have filed Objections (#106), Defendants have responded to Plaintiffs' Objections (##108, 109) and I have reviewed the file of this case *de novo*. 28 U.S.C. § 636(b)(1); McDonnell

1 - ORDER

Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

    I have given this matter *de novo* review. I find no error. Accordingly, I ADOPT the Findings and Recommendation. Defendants' Motions to Dismiss (##41, 43) are GRANTED.

    I turn then to the question of amendment. Dismissal without leave to amend is appropriate where amendment would be futile. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). After reviewing the Complaint, briefing, and the exhibits submitted by both parties, I conclude that any amendment would be futile, particularly in light of the Ninth Circuit's ruling in a factually-similar case, Edstrom v. Anheuser-Busch InBev, 647 F. App'x 733 (9th Cir. 2016). In Edstrom, the court held that "[t]o establish a prima facie case, a Section 7 plaintiff generally must show that the challenged transaction would increase the concentration of firms in the relevant market." Id. at 735. The Ninth Circuit noted that the challenged transaction in Edstrom did not "increase ABI's market share or the concentration of the U.S. beer market," and found that the plaintiffs "failed to plausibly allege that the challenged transaction is anti-competitive." Id.

    Plaintiffs in this case, like those in Edstrom, cannot plausibly allege that the challenged transaction will increase either ABI's market share or the concentration of firms in the U.S. beer market. Aside from the complete divestiture of SAB's interest in MillerCoors, which was discussed at length by Judge

Clarke, Plaintiffs' own exhibits show that the Department of Justice has reached a settlement with ABI and SAB which will prevent increased concentration in the U.S. beer industry. Alioto Decl. Ex. B, at 1.

Accordingly, dismissal shall be with prejudice. Any outstanding motions are DENIED as moot.

It is so ORDERED and DATED this 3RD day of ~~September~~ October, 2016.

_____
ANN AIKEN
U.S. DISTRICT JUDGE

3 - ORDER